# Exhibit A

Gerald J. Resnick, Esq., ID # 015511978
Vincent Antoniello, ID # 031522000
**RESNICK LAW GROUP**
**A Professional Corporation**
5 Becker Farm Road, Suite 410
Roseland, New Jersey 07068
(973) 781-1204
Attorneys for Plaintiff

|  |  |
|---|---|
| JOSE AGUILAR,<br><br>Plaintiff,<br><br>vs.<br><br>HOY HEALTH LLC; MARIO ANGLADA, Individually and as agent of HOY HEALTH; XYZ CORP. (1-5); and JANE AND JOHN DOES (1-5),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiffs, Jose Aguilar, residing at 21 Eldorado Place, Weehawken, New Jersey 07086, by way of Complaint against the Defendants, alleges and says as follows:

## PARTIES

1.     At all times relevant hereto, Plaintiff, Jose Aguilar was an executive employee of Hoy Health who was denied his wages and other compensation, and was ultimately terminated from employment in retaliation for his complaints of fraudulent/illegal activity of the employer and/or public policy violations.

2.     At all times relevant hereto, Defendant Hoy Health LLC ("Hoy Health" or the "Company") is a healthcare company whose platform offers consumers access to healthcare professionals, low cost medication, and chronic condition management programs across the USA

-1-

and Latin America. Its corporate offices are located at 45 S. Park Place, #228, Morristown, New Jersey 07960. At all times relevant hereto, Defendant Mario Anglada is Hoy Health's CEO and participated significantly, deliberately, and intentionally in decisions regarding payment of NJ wages and deductions from pay, including the illegalities set forth herein. Indeed, pursuant to N.J.S.A. 34:11-4.1, at all relevant times, Mr. Anglada qualifies as an "employer" under the New Jersey Wage Payment Law.

3.      At all times relevant hereto, Defendants XYZ corporations are (1-5), are subsidiaries, principals, or other associated corporations or companies of Hoy Health LLC which are equally liable to Plaintiff for the unlawful acts of Hoy Health LLC and the other parties set forth herein.

4.      John and Jane Does (1-5) are currently unknown individuals who may have joined in the unlawful acts against Plaintiff as set forth herein.

## ALLEGATIONS

5.      The Company initially hired Plaintiff Jose Aguilar on a consultancy basis in approximately May/June 2018, pursuant to an Independent Contractor Agreement. In consideration for his services, the Company agreed to grant Mr. Aguilar a 0.2% equity stake in Hoy Health.

6.      Mr. Aguilar's 0.2% equity stake was further reiterated and documented by email exchange with CEO Mario Anglada dated November 16, 2018.

7.      Pleased with Mr. Aguilar's services, the Company hired Plaintiff to begin working as the Chief Strategy Officer, a full-time, executive position, on or about March 18, 2019. In connection with that employment Mr. Aguilar's annual salary was $150,000.00, and he was entitled to receive a stock option in the form of a three percent (3%) profits interest in Hoy Health, among other compensation.

8.      Although Mr. Aguilar successfully performed his duties to the Company without any negative feedback, Hoy Health's financial conditions worsened and in 2019 it was unable to pay its employees as promised.  Still loyal to the Company and believing in its potential, Mr. Aguilar agreed to defer $50,000 in salary during the 2019 calendar year in exchange for additional equity in Hoy Health. This understanding was then memorialized in a Simple Agreement for Future Equity ("SAFE Agreement"), dated May 1, 2020.

9.      Mr. Aguilar continued to work for Hoy Health full-time for all of 2020 without payment of his annual salary as the Company continued to struggle.  Although Mr. Aguilar remained in his role with the Company in reliance on various representations made by CEO Mario Anglada that he would be compensated, the Company never compensated Mr. Aguilar for that work and no additional SAFE Agreements were entered (or even proposed).

10.     In 2021, on information and belief, the Company's financial well-being improved, and Mr. Aguilar began to receive partial payment of his salary.  According to Company records, Mr. Aguilar was paid $75,390.49 in salary for 2021 as of September 20, which is $31,045.56 less than he should have received.   In total then, Mr. Aguilar is owed at least $182,314.85 in unpaid salary through September 20, 2021.

11.     In approximately August 2021, Mr. Aguilar complained about, and objected to, the Company's issuance of equity subject to its Equity Incentive Plan in a manner that entirely removed his equity interest.  He also repeatedly complained about, and objected to, the Company's failure to pay his wages as required by law.  Mr. Aguilar reasonably believed these actions/inactions on the part of the Company to be fraudulent and illegal.

12.     On the heels of Mr. Aguilar's most recent complaints and objections, CEO Mario

Anglada suddenly -- and for the first time -- purported to be concerned about Mr. Aguilar's performance, but only vaguely and without substance.

13.     Having received no meaningful response to his complaints and objections, Mr. Aguilar continued to complain about, and object to, the actions/inactions on the part of the Company that he reasonably believed to be fraudulent and illegal.

14.     Approximately just two weeks later, Mr. Aguilar's employment was terminated in retaliation for his repeated complaints and objections.

15.     The termination was purportedly "for Cause, as defined in the 2021 Equity Incentive Plan" and the stated reason was alleged "continued performance issues."

16.     The stated reason is clearly pretext for retaliation.  Indeed, performance-wise, the facts are that i) the Company brought on Mr. Aguilar full-time after retaining him as a consultant because it was happy with his services; ii) Mr. Aguilar was the key figure in securing an important deal with Verizon in November of 2020, which not only raised the profile of Hoy Health, but was also a prominent feature in its pitch decks and pivotal in the Company's ability to seek further investment; and iii) Mr. Aguilar played an essential role in opening the Hoy Health office in Guadalajara, Mexico. All of these examples, and more (including setting up of call center for Verizon in Mexico, and dealing with pharmacy chains in Latin America, etc.), show a dedicated, valuable employee, quite contrary to the picture the Company now seeks to paint.

17.     Additionally, that the Company would now baselessly claim that Mr. Aguilar's performance warranted a for-Cause termination after having failed to properly pay Mr. Aguilar his salary for over a year-and-a-half is not only downright hypocritical and insulting, but Hoy Health's blatant breach of its most basic obligation to its employee also undermines any credibility it has in

accusing Mr. Aguilar of failing to live up to his performance expectations where the Company has been and continues to be in default.

18. In reality, there was only one instance in which the Company expressed any purported dissatisfaction with Mr. Aguilar's performance, which was in the conversation with Mr. Anglada in August of 2021. Particularly when coupled with the total lack of substance to the alleged criticism of Mr. Aguilar's performance, the timing of this discussion is highly suspect as it came in the wake of Hoy Health granting Mr. Aguilar's title to a new investor without any prior notice or conversation. In addition, the Company had paid to Mr. Aguilar a bonus just a few months prior.

19. The stated reason does not meet the definition of "Cause" under the Equity Incentive Plan.

20. The Company is attempting to unlawfully utilize the wrongful termination of Mr. Aguilar's employment to escape its compensation obligations pursuant to the Independent Contractor Agreement, the SAFE Agreement, and Mr. Aguilar's equity interest, which the Company is trying to revoke.

21. That Mr. Aguilar's 3% equity is fully vested has been confirmed via email by Hoy Health's counsel, Zac Kline.

22. The Company has failed to honor and has materially breached the Independent Contractor Agreement, the promise at the outset of employment of 3% equity, and the SAFE Agreement as well as the additional equity thereunder. It has also failed to pay wages owed to Mr. Aguilar for work performed.

23. As a result of the Defendants' unlawful conduct, Plaintiff has been harmed.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA), N.J.S.A. 34:19-1 ET. SEQ.

24.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

25.     The New Jersey Conscientious Employee Protection Act ("CEPA"), in part, makes it unlawful for an employer to terminate an employee who:

> a) Discloses or threatens to disclose to a supervisor or a public body an activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes... is in violation of a law, or rule or regulation promulgated pursuant to law....;
>
> b) Provides information to ... any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer...; or
>
> c) Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:
>
> (1) is in violation of a law, or rule or regulation promulgated pursuant to law;
>
> (2) is fraudulent or criminal; or
>
> (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protect of the environment.

26.     Plaintiff reasonably believed Defendants' acts/omissions described above to be, (i) in violation of a law, or rule or regulation promulgated pursuant to law, (ii) fraudulent or criminal, and/or (iii) incompatible with a clear mandate of public policy concerning the public health, safety

or welfare or protect of the environment.

27.    By complaining, disclosing, and/or objecting to Defendants' acts/omissions, Plainitff engaged in CEPA-protected whistle-blower activity.

28.    At all times pertinent hereto, Plaintiff's employment  was terminated in retaliation for engaging in protected whistle-blower activity involving Defendants' acts/omissions which were (i) in violation of a law, or rule or regulation promulgated pursuant to law, (ii) fraudulent or criminal, and/or (iii) incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protect of the environment.

29.    Plaintiff's CEPA-protected  whistle-blower  activities  were  a  motivating  and/or determinative factor in Defendants' decision to terminate his employment.

30.    Defendants' actions constitute unlawful retaliation in violation of CEPA.

31.    As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, tarnish to his employment record, loss of income, loss of benefits, and other severe financial losses.

32.    Said conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights, and involved the direct participation of upper management for which punitive damages are appropriate.

33.    Defendant Mario Anglada  was generally aware of his role in the overall illegal activity at the time of his actions, and he knowingly and substantially assisted Defendant Hoy Health in retaliating against Plaintiff.

## COUNT II

## PIERCE CLAIM

34.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

35.    At all times pertinent hereto, the termination of Plaintiff's employment was in violation of public policy as articulated in Pierce vs Ortho Pharmaceutical Corp., 84 NJ 58 (1980).

36.    At all times pertinent hereto, as a proximate result of Defendants' wrongful conduct, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of income, loss of benefits, and other severe financial losses.

## COUNT III

## UNPAID WAGES/UNLAWFUL DEDUCTIONS
## IN VIOLATION OF WAGE PAYMENT LAW, N.J.S.A. 34:11-4.1 ET SEQ

37.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

38.    Plaintiff is owed wages for work performed as an employee of Defendants.

39.    Defendants have intentionally failed to pay such wages.

40.    The New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.*, requires an employer to pay the full amount of monies due an employee for services rendered.

41.    Under the New Jersey Wage Payment Law, Defendant Mario Anglada is individually liable to Plaintiff for the compensation payments due because, among other reasons, he meets the definition of "employer" under the statute.

42.    Under the New Jersey Wage Payment Law, Defendants are also liable for treble

-8-

damages and attorney's fees and costs.

43.     By engaging in the above-referenced conduct, Defendants violated the New Jersey Wage Payment Law, thereby causing Plaintiff substantial damages.

## COUNT IV

## BREACH OF CONTRACT

44.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

45.     Plaintiff and Hoy Health were parties to valid and enforceable agreements, as described above.  Those agreements set forth the terms of Plaintiff's compensation.

46.     Plaintiff performed his obligations under the agreements.  Defendants materially breached the terms of the agreements by failing to pay Plaintiff his full wages/compensation, as stated above.

47.     As a direct and proximate result of said breach, Plaintiff has suffered loss of income.

## COUNT V

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

48.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

49.     Defendants' conduct constitutes a breach by Defendants of the covenant of good faith and fair dealing implied in the stated agreements, in that Defendants deprived Plaintiff of the benefit of his bargain.

50.     Defendants acted with bad motives/intentions and/or engaged in deception or evasion in the performance of the contracts.

51.     As a direct and proximate result of said breach, Plaintiff has suffered loss of income, unreimbursed expenses, and other severe financial losses.

## COUNT VI

## INTENTIONAL/NEGLIGENT MISREPRESENTATION

52.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

53.     Defendants Hoy Health and Anglada made misrepresentations to Plaintiff, specifically that he would be compensated fully.  The misrepresentations of Defendants were intentional and/or negligent.  They were material and were intended to induce Plaintiff to rely on them.

54.     Plaintiff reasonably relied on the misrepresentations, in that he continued to work at the Company, foregoing other opportunities, and incurred significant out-of-pocket expenses expecting to be reimbursed, and suffered other losses.

55.     At the time the misrepresentations were made, Defendants knew they were false (or were negligent in making them).

56.     Specifically, in making the promises with no intention of honoring them, Defendants are liable to Plaintiff for such intentional and/or negligent misrepresentations upon which he reasonably relied.

57.     As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered out-of-pocket expenses, loss of income, loss of benefits, and other severe financial losses.

## COUNT VII

## PROMISSORY ESTOPPEL

58.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth

-10-

at length herein.

59.     Defendants made promises to Plaintiff regarding compensation, repeatedly telling Plaintiff that he would be paid in full in order to induce him to continue working for them rather than work elsewhere.

60.     Plaintiff relied on those promises to his detriment and continued working for Defendants rather than elsewhere.

61.     At all times pertinent hereto, as a proximate result of Defendants' promises, Plaintiff has suffered loss of income, loss of benefits, and other severe financial losses.

## COUNT VIII

## UNJUST ENRICHMENT

62.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

63.     Plaintiff conferred, and Defendants received, a benefit, in the form of Plaintiff's services.

64.     Plaintiff provided the services in good faith with an expectation of compensation, and Defendants accepted and retained those services without payment to Plaintiff.

65.     Defendants have been unjustly enriched, such that Plaintiff is owed compenation.

**WHEREFORE,** Plaintiff seeks Judgment against the Defendants as follows:

    a.    Compensatory damages, including past and future lost wages and
          employment benefits;

    b.    Damages for emotional and physical injury and distress;

    c.    Damages for the harm to Plaintiff's professional and personal

reputation;

d.      Statutory liquidated damages;

e.      Pre-and post-judgment interest;

f.      Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

g.      Punitive damages; and

h.      Such other and further relief as this Court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all causes so triable.

**RESNICK LAW GROUP, P.C.**
Attorneys for Plaintiff

Dated: February _8_, 2022     By: _____
                              GERALD JAY RESNICK

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gerald J. Resnick, Esq. as trial counsel.

**RESNICK LAW GROUP, P.C.**
Attorneys for Plaintiff

Dated: February _8_, 2022     By: _____
                              GERALD JAY RESNICK

-12-

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned attorney for Plaintiff hereby certifies that the matter in controversy is not the subject of any other action or arbitration proceeding pending or contemplated, nor are there any other parties known to Plaintiff who should be joined in this proceeding.

**RESNICK LAW GROUP, P.C.**
Attorneys for Plaintiff

Dated: February ___, 2022   By: _____
GERALD JAY RESNICK

## CERTIFICATION PURSUANT TO R. 1:38-7( c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**RESNICK LAW GROUP, P.C.**
Attorneys for Plaintiff

Dated: February ___, 2022   By: _____
GERALD JAY RESNICK

-13-

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000502-22

**Case Caption:** AGUILAR JOSE  VS HOY HEALTH LLC

**Case Initiation Date:** 02/08/2022

**Attorney Name:** GERALD J RESNICK

**Firm Name:** RESNICK LAW GROUP

**Address:** 5 BECKER FARM RD STE 410

ROSELAND NJ 070681727

**Phone:** 9737811204

**Name of Party:** PLAINTIFF : Aguilar, Jose

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jose Aguilar? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2022
Dated

/s/ GERALD J RESNICK
Signed